UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SON THI VUONG,

    Plaintiff,

vs.                          CASE NO. 4:23-cv-00327-AW-MAF

WILLIAM DEAN HALL, JR.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Son Thi Vuong, a non-prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 8, and paid the filing fee, ECF No. 3. District courts have the inherent authority to dismiss a frivolous complaint *sua sponte* prior to service even when a plaintiff has paid the required filing fee. See Cuyler v. Aurora Loan Servs. LLC, 2012 U.S. App. LEXIS 27130, at *10 | 2012 WL 10488184 (11th Cir. Dec. 3, 2012). After careful consideration, this case should be dismissed.

I. **Procedural History.**

Plaintiff filed an initial complaint, which was legally insufficient because it was a shotgun pleading, defendants were not state actors under Section 1983, and certain claims were likely barred by the statute of limitations. See ECF Nos. 5, 7. The Court ordered Plaintiff to amend. Id. Plaintiff attempted

to amend by filing a letter with exhibits and two pages of the complaint form. ECF No. 6. The Court struck the pleading as improper and redirected Plaintiff to amend. ECF No. 7. Plaintiff's third attempt fails to move her claims forward. ECF No. 8. The amended complaint remains legally insufficient.

## II.   Plaintiff's Amended Complaint, ECF No. 8.

The amended complaint is just as ambiguous as the original complaint. Plaintiff sued Terry P. Lewis and three attorneys, William Dean Hall, Jr.; Joshua C. Canton; and R. Frank Myers, all in their individual capacities. ECF No. 8, pp. 1-7. To the question of whether Plaintiff is bringing suit as a Bivens case or as a Section 1983 action, Plaintiff states, "none of them" and does not indicate any other basis for jurisdiction. Id., p. 8.

Plaintiff alleges Hall sold her injury to an insurance company; and Canton "switch[ed] the case" and "blocked eviden[ce], witnesses, [and] police reports." Id. Myers destroyed a Hertz car rental contract and took $1,500 in repairs. Id. Lewis committed perjury so Canton could take the money. Id. Plaintiff alleges the attorneys committed malpractice and stole the money from the car accident. Id., p. 9. Plaintiff previously stated she was suing both federal and state officials, but none of the Defendants are state actors. ECF No. 1, p. 4. Plaintiff provides the dates for her bar complaints and the dates the verdicts were rendered in her case and appeal. The trial

was in 2013. Id., p. 11. Plaintiff claims the final judgement "is phony." Id.

In 2021 and 2022, Plaintiff attempted to go to the attorneys' offices, but they refused her entry. Plaintiff alleges Hall ordered radar laser rays to control and follow her. Id., p. 12. Plaintiff asks this Court to stop the radar lasers from following her and demands $300,000 from Hall; and $1,500,000 from Canton. Id., pp. 12-13. She seeks no remedy from Myers or Lewis. Id.

### III. Shotgun Pleadings are Not Permissible.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here the statements are largely vague. "A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of

Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff does not attribute specific acts or omissions to each defendant. For example, stating generally that a defendant set up the case to get the settlement money is a legal conclusion unsupported by any facts. Legal conclusions are insufficient.

**IV.   Frivolous Claims are Subject to Dismissal.**

Notwithstanding that Plaintiff paid the filing fee, the court has inherent authority to dismiss a frivolous complaint. 28 U.S.C. § 1915(e)(2). An action is deemed frivolous if "the facts alleged are 'clearly baseless,' [which constitutes a category that encompasses] allegations that are 'fanciful, fantastic, and delusional . . .' [A] finding of factual frivolousness is [also] appropriate when the facts alleged rise to the level of the irrational or wholly incredible . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (internal citations omitted); see also Porter v. Governor of Fla., 667 F. App'x 766, 767 (11th Cir. 2016).

Here, Plaintiff alleges that Hall set up radar and lasers to follow her; and she asks the Court to intervene. Not only is Plaintiff's claim presented without factual support, but the allegation is fundamentally incredible. Courts lack jurisdiction over claims based on fantastical scenarios. See Avery v.

Wade, 2022 U.S. App. LEXIS 33905, at *5 | 2022 WL 17544077 (10th Cir. Dec. 9, 2022) (unpublished) (plaintiff's allegations about narco-terrorists attacking him with space lasers failed to state a claim because they were clearly baseless, fantastic, and delusional); Roum v. Bush, 461 F.Supp.2d 40, 43 (D.D.C. 2006) (dismissing case with prejudice upon holding that the court lacked jurisdiction of plaintiff's "fundamentally incredible" claim that the FBI attacked him with lasers and radiation). This claim should be dismissed.

## V. Plaintiff's Claims are Barred by the Statute of Limitations.

Notably, in the amended complaint Plaintiff does not indicate when events occurred. If the motion in limine was filed in 2013, it stands to reason that Plaintiff is presenting claims against the defendants for events that occurred prior to that time. Still, the Court advised Plaintiff it "will not act as de facto counsel for a pro se litigant." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). The Court will not attempt to extrapolate from exhibits which claims are available and worth pursuing. Individual litigants have a right to represent themselves and to proceed *pro se*, but the responsibility for representation lies with them alone.

The final judgment in Leon County Case No. 2009 CA 004824 was entered almost a decade ago, on September 23, 2013. See ECF No. 1-1, p. 14. Federal courts must apply state law in determining the statute of

limitations applicable to a civil action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)). Generally, because the Florida statute of limitations is four years, the applicable statute of limitations in this case is the same. See Fla. Stat. § 95.11. However, Florida's statute of limitations for legal malpractice is two years. See Fla. Stat. § 95.11(4). Plaintiff's malpractice claims are barred by the statute of limitations and should be dismissed.

## VI. Plaintiff Lacks Standing

To the extent Plaintiff alleges any defendant committed- or orchestrated perjury, committed theft, or violated any other criminal statute, Plaintiff lacks standing. It is well established that private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 64 (1986) (other citations omitted). Private citizens do not have "the right to compel a State to enforce its laws" or prosecute crimes. Id., at 65; see also Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another). Plaintiff's claims alleging criminal conduct are squarely foreclosed

by Supreme Court precedent. Citizens in Plaintiff's position do not have a constitutional right to have police officers arrest another citizen. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause . . ."); DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."); see also Lovins v. Lee, 53 F.3d 1208, 1209 (11th Cir. 1995). Dismissal is appropriate.

**VII.    Conclusion and Recommendation**

It is respectfully **RECOMMENDED** Plaintiff's amended complaint, ECF No. 8, be **DISMISSED WITH PREJUDICE** because it is an impermissible shotgun pleading and it is futile to amend. Plaintiff's civil claims are barred by the statute of limitations; and she lacks standing to pursue claims under criminal law. It is also **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on September 15, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**
